No. 25-4231

# United States Court of Appeals

*for the*

# Fourth Circuit

---

UNITED STATES OF AMERICA,

*Plaintiff/Appellee,*

— v. —

ROBERT STEWART,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT BALTIMORE

## OPENING BRIEF OF APPELLANT

Gregory Dolin
UNIVERSITY OF BALTIMORE
 SCHOOL OF LAW
1420 North Charles Street
Baltimore, MD 21201
(410) 837-4610
gdolin@ubalt.edu

*Counsel for Appellant*

CP COUNSEL PRESS     (800) 4-APPEAL • (JOB 813065)

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................ii

I.  JURISDICTIONAL STATEMENT ................................................1

II.  STATEMENT OF THE ISSUES ....................................................2

III.  STATEMENT OF THE CASE .........................................................3

STATEMENT OF FACTS ................................................................6

IV.  SUMMARY OF ARGUMENT .......................................................9

V.  ARGUMENT..................................................................................10

A.  Standard of Review ............................................................10

B.  Issues Identified by Counsel .............................................10

1.  Ineffective Assistance of Counsel ...........................11

2.  Requirement that the Defendant Admit All Elements of the Offense .................................................................13

3.  "Career Offender" Designation................................13

4.  Reasonableness of the Sentence Imposed................15

5.  Pronouncing All Conditions of Supervision in Open Court .................................................................19

CONCLUSION .......................................................................................21

POSITION REGARDING ORAL ARGUMENT ..................................22

CERTIFICATE OF COMPLIANCE......................................................23

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anders v. California*,
    386 U.S. 738 (1967)...................................................................9, 10

*Gall v. United States*,
    552 U.S. 38 (2007)......................................................................16, 17

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988)...........................................................................9

*Molina-Martinez v. United States*,
    578 U.S. 189 (2016)..........................................................................15

*Penson v. Ohio*,
    488 U.S. 75 (1988).............................................................................9

*Rita v. United States*,
    551 U.S. 338 (2007)......................................................................17, 18

*United States v. Alante Nelson*,
    No. 22-4658 (4th Cir. 2024) ............................................................5

*United States v. Blue*,
    877 F.3d 513 (4th Cir. 2017) .........................................................17

*United States v. Booker*,
    543 U.S. 220 (2005).........................................................................16

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) .........................................................16

*United States v. Craig*,
    985 F.2d 175 (4th Cir.1993) ...........................................................11

*United States v. Diggles*,
    957 F.3d 551 (5th Cir. 2020) .........................................................19

*United States v. Edwards*,
666 F. App'x 253 (4th Cir. 2016)...................................................14

*United States v. Galloway*,
749 F.3d 238 (4th Cir. 2014) .......................................................11

*United States v. Grubb*,
11 F.3d 426 (4th Cir. 1993) .........................................................14

*United States v. Hernandez*,
603 F.3d 267 (4th Cir. 2010) .......................................................17

*United States v. Johnson*,
410 F.3d 137 (4th Cir. 2005) .......................................................11

*United States v. Lynn*,
592 F.3d 572 (4th Cir. 2010) .......................................................18

*United States v. Mastrapa*,
509 F.3d 652 (4th Cir., 2007) ......................................................13

*United States v. McDonald*,
850 F.3d 640 (4th Cir. 2017) .......................................................16

*United States v. Moreland*,
437 F.3d 424 (4th Cir. 2006) .......................................................19

*United States v. Rogers*,
961 F.3d 291 (4th Cir. 2020) ...................................................19, 20

*United States v. Singletary*,
984 F.3d 341 (4th Cir. 2021) ...................................................19, 20

*United States v. Smith*,
62 F.3d 641 (4th Cir.1995) ..........................................................11

*United States v. Walker*,
858 F.3d 196 (4th Cir. 2017) ......................................................5, 7

*United States v. White*,
850 F.3d 667 (4th Cir. 2017) ...................................................17, 18

**Statutes**

18 U.S.C. § 3231 ................................................................................................1

18 U.S.C. § 3553(a) ....................................................................................16, 17

21 U.S.C. § 841(a)(1) .........................................................................................3

21 U.S.C. § 841(b)(1) .......................................................................................11

21 U.S.C. § 841(b)(1)(C) ...................................................................................3

21 U.S.C. § 846 .............................................................................................3, 11

28 U.S.C. § 1291 .................................................................................................1

28 U.S.C. § 2255 ...............................................................................................11

**United States Sentencing Guidelines**

U.S.S.G. ch. 5, Pt. A .......................................................................................18

U.S.S.G. § 3 1.1 (b) ............................................................................................3

**Rules**

Fed. R. App. P. 4(b)(1)(A) .................................................................................1

## I.     JURISDICTIONAL STATEMENT

This appeal is from the plea and sentence of Robert Stewart ("Mr. Stewart" or "Appellant") in the United States District Court of the District of Maryland before the Honorable James K Bredar. Because Mr. Stewart was charged with an "offense[] against the laws of the United States," the district court had jurisdiction under 18 U.S.C. § 3231. The sentence was imposed on April 16, 2025 and the final judgment was docketed the same day. JA126-131; JA132-133. The next day, April 17, 2025, Mr. Stewart filed his Notice of Appeal. JA132-133, well within the 14-day window prescribed by the rules of appellate procedure, *see* Fed. R. App. P. 4(b)(1)(A). Thus, this Court has jurisdiction under 28 U.S.C. § 1291.

## II.    STATEMENT OF THE ISSUES

After an extensive record of the entire record in this case, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on Appellant's behalf.  This Court must review the entire record in this case to determine whether there are any meritorious issues that Counsel has overlooked.

In the alternative, Counsel submits that this Court should review whether the sentence of 96 months, which was a downward departure from the guidelines range, is reasonable.

## III.    STATEMENT OF THE CASE

The Appellant, Robert Stewart, was indicted on February 7, 2024, and charged (together with two co-conspirators) with one count of "Conspiracy to Possess with Intent to Distribute Controlled Substances," in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, JA8-9, and one count of "Possession with the Intent to Distribute Controlled Substances," in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), JA22.[1]  Over the course of the following month, Mr. Stewart and the Government reached a plea agreement which was formally entered in open court before Judge Bredar on March 4, 2025.  JA32-68.  Pursuant to the agreement, Mr. Stewart agreed to plead guilty to both charges.  JA171.  In exchange, the Government agreed to not oppose a 2-level reduction in Mr. Stewart's adjusted offense level, and additionally "to make a motion pursuant to U.S.S.G. § 3 1.1 (b) for an additional 1-level decrease in recognition of the [Appellant]'s timely notification of the [Appellant]'s intention to enter a plea of guilty."   JA175.  Appellant also agreed to waive his right to an indictment and proceed by information.  JA32; JA34-35.  In addition, Appellant was charged with violation of his supervised release in a prior case, No. 13-CR-262-ELH, also in the District of Maryland.  *See* JA83.  Appellant admitted that by virtue of engaging in new criminal conduct in the

---

[1] The indictment charged Mr. Stewart's co-defendants with a number of other counts.  *See generally* JA8-27.

present case, he violated the conditions of supervised release in the 2013 case. *See* JA84-89.

Mr. Stewart was rearraigned and formally entered his plea on March 4, 2025. JA32-68. During the hearing, the Court specifically and explicitly advised Appellant that by pleading guilty he "will have waived or given up [his] right to appeal [his] conviction and [his] sentence." JA53. *See also* JA56. Appellant indicated that he understood that by pleading guilty he waived his right to an appeal. JA53; JA56.

A pre-sentence report was prepared on April 7, 2025. JA182-208. The Probation Office calculated the offense level to be 29 (taking into account the 3-level reduction discussed *ante*), JA185-186, and Appellant's criminal history to be Category V, JA186-193. However, in light of Mr. Stewart's two prior Maryland state convictions for possession with intent to distribute controlled substances, the Probation Office determined that he qualified for a "career offender" designation, thus raising his criminal history category to VI. JA193. Given the calculations above, the recommended sentence under the Sentencing Guidelines was calculated to be between 151 and 188 months of incarceration, followed by three years of supervised release. JA203. The Probation Office recommended that the Court impose a sentence of 188 months, 3 years of supervised release, $200 of special assessments, and no fine. JA203.

4

Neither the Government nor Appellant filed any objections to the Presentence Report. However, Appellant noted that two pending issues may affect his status as a "career offender"—the presently pending appeal in this Court in *United States v. Alante Nelson*, No. 22-4658 (oral argument held on Oct. 30, 2024) and the proposed revisions to the U.S. Sentencing Guidelines. *See* JA75-76. As pointed out by Mr. Stewart, the U.S. Sentencing Commission has proposed eliminating prior state-level controlled substance convictions from the list of offenses that may qualify one as a "career criminal." JA76. Additionally, this Court is presently considering, in *Nelson*, whether the statutory language in the relevant state statutes that criminalizes possession of controlled substances is sufficiently different from the language of federal statutes, thus causing state-level convictions to fail the requirement of a "categorical match" between the statutes as enunciated by this Court in *United States v. Walker*, 858 F.3d 196, 199 (4th Cir. 2017) (holding that prior convictions can qualify as controlled substance offenses "only if all of the ways of violating the statute, including the least culpable, satisfy the Guidelines' definition."). *See* JA75-76. Both the Government and Appellant agree that but for the designation of Mr. Stewart as a "career offender" on the basis of these prior state level convictions, his Criminal Category would have been V rather than VI. *See* JA90-91. At the same time, both the Government and Mr. Stewart also agreed that under the law as it stood at the time of sentencing, he was correctly designated as a "career offender." JA75-76; JA80.

5

Both the Government and Appellant submitted sentencing memoranda. JA69-78; JA79-81. Appellant argued for a sentence of 98 months, JA76-77, and the Government countered with the proposed sentence of 144 months, JA80, which was still lower than what was recommended by the Probation Office.

A sentencing hearing was held before Judge Bredar on April 16, 2025. The District Court ultimately sentenced Mr. Stewart to concurrent 96-month terms of incarceration on each of the counts, *i.e.*, below that which was even requested by Appellant himself. *Compare* JA76-77 and JA100-101, *with* JA127. The Court also imposed a two-year sentence for the violation of prior supervised release, and ordered that it be run concurrently to the sentence in the present case. JA117; JA127. Mr. Stewart was also ordered to pay $100 mandatory assessment on each of the counts, for a $200 total. JA130. Finally, the Court imposed a three-year term of supervised release and imposed various conditions by which it required Mr. Stewart to abide. JA128-129.

## STATEMENT OF FACTS

At the Appellant's arraignment the Government recited the following facts:

> Defendant, Robert Stewart, engaged in a drug trafficking conspiracy in which he and others sold fentanyl, cocaine, and cocaine base on the 600 block of North Carrollton Avenue in Baltimore, Maryland between January 2023 and July 27 of 2023.

Co-conspirator 1 supplied another with the controlled substances. Then co-conspirator 2 delivered the controlled substances received from the co-conspirator 1 to 622 North Carrollton Avenue. The Defendant Stewart sold those controlled substances on that block and from the -- specifically the 622 North Carrollton Avenue location.

On July 27th, 2023, there were several search warrants executed and investigators seized 2.04 kilograms of fentanyl, 1.4 kilograms of cocaine, and 777.7 grams of cocaine base. Taken together, that's 3,000 kilograms of converted drug weight. Excuse me, that's over 3,000 kilograms of converted drug weight.

Then, on May 16, 2023, Defendant Stewart sold fentanyl to an undercover officer on the 600 block of North Carrollton Avenue. Specifically, Stewart sold eight clear capsules containing a powdery substance. Upon testing it was determined that that substance was fentanyl, as well that the net weight of the fentanyl was 2.48 grams.

All of these described events took place in the District of Maryland.

JA59-60 (original orthography preserved).

The Court inquired of Mr. Stewart whether the Government could prove the facts recited. JA60. Initially, Mr. Stewart denied that the Government could prove *all* of the facts. *Id*. As a result, Judge Bredar paused the hearing and questioned "whether or not this proceeding c[ould] go forward [or] whether the defendant, instead, should simply proceed to trial." JA61. After conferring with his attorney and clearing up some confusion stemming from the concept of "converted drug

weight," Mr. Stewart admitted that the Government could prove *all* facts previously recited. JA61-62.

The District Court, after conducting a Rule 11 colloquy, JA37-59; JA62-64, accepted the plea. JA65.

As described above, a pre-sentence report was prepared and both parties were given an opportunity to object. A sentencing hearing was conducted at which both the Government and Appellant's counsel made arguments as to the appropriate sentence. Mr. Stewart was also given an opportunity to speak and he did so. JA104-109. At that hearing, Judge Bredar made extensive comments as to what factors he considered in imposing the sentence. JA109-118; *see also* JA101-103. Ultimately, the District Court imposed a carceral sentence of 96 months, followed by three years of supervised release (with mandatory, standard, and special conditions attached), and a $200 special assessment. JA116-120. Judge Bredar filed a formal judgment, JA126-131, and Statement of Reasons, JA253-256, the same day.

A timely Notice of Appeal was filed the next day. JA132-133.

## IV.    SUMMARY OF ARGUMENT

This brief is submitted to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for Appellant has determined, after a conscientious examination of the whole record of Appellant's case, that there are no meritorious grounds for appeal.   In the alternative, Counsel respectfully submits that this Court should evaluate whether the sentence of 96 months, which falls well below the advisory guidelines range is reasonable.

## V.    ARGUMENT

### A.    Standard of Review

The standard of review of an Anders submission is *de novo* of the entire record and all pertinent documents. *Anders v. California*, 386 U.S. 738 (1967).

### B.    Issues Identified by Counsel

At the outset, it should be noted that as part of his guilty plea Mr. Stewart waived his right to appeal the underlying conviction.  JA52-53; JA56; JA173.  During his plea colloquy the waiver was explained to him, and Mr. Stewart indicated that he understood his rights and the import of waiving them. JA52-53; JA56.  Additionally, Mr. Stewart waived the right to appeal against his sentence, including the calculation of the guidelines range.  JA52-53; JA56; JA173.

Counsel for Appellant has conducted a thorough and extensive search of the record in order to identify any meritorious grounds for an appeal.  Having done so, the undersigned counsel has concluded that there are no such grounds to be raised.

The following issues have been considered by the undersigned counsel, none of which appear to be meritorious.

10

1.     Ineffective Assistance of Counsel

"Even if the court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Craig*, 985 F.2d 175, 178 (4th Cir.1993)).  However, claims for ineffective assistance of counsel are generally not cognizable on direct appeal and must await a motion brought under 28 U.S.C. § 2255.  *See United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014) ("It is well established that 'a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct appeal *if and only if it conclusively appears* from the record that . . . counsel did not provide effective assistance. Otherwise, [he] must raise [his] claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255 . . . .'") (quoting *United States v. Smith*, 62 F.3d 641, 651 (4th Cir.1995)) (emphasis in original).

From the record, it does not appear, much less conclusively, that Mr. Stewart's trial counsel was ineffective.  At the time of indictment, Mr. Stewart faced a potential sentence of life imprisonment.  *See* 21 U.S.C. § 841(b)(1); 21 U.S.C. § 846; JA59-60 (describing the amounts of various drugs attributed to Appellant).

Mr. Stewart's counsel negotiated a favorable plea agreement, securing not only the customary 2-level reduction for the acceptance of responsibility, but also

an additional 1-level reduction for early plea. *See* JA175. Additionally, when it appeared that the plea agreement may fall apart due to Mr. Stewart's confusion as to the concept of "converted drug weight," Appellant's attorney held an immediate conference with him, explained the confusing topics, and put the plea hearing "back on course." JA62.

Prior to sentencing, the trial counsel also prepared an extensive pre-sentencing memorandum arguing for a reduced sentence. JA69-78. At sentencing, the trial counsel raised appropriate issues as to Mr. Stewart's "career offender" status and sought to reduce the guidelines-recommended sentence. *See* JA90-91; JA96-101. The trial counsel succeeded in convincing the District Court to impose a below the guidelines sentence, even beyond what the trial counsel argued for. *Compare* JA76-77 and JA100 (recommending a sentence "no greater than 98 months"), *with* JA127 (imposing a sentence of 96 months).

Finally, the trial counsel also negotiated with the Government and convinced the Court to have Mr. Stewart's two-year sentence for violating his prior supervised release to run concurrently with the sentence in the present case. *See* JA84; JA96; JA117-118; JA127.

For these reasons, a claim for ineffective assistance of counsel (and with it, involuntariness of the guilty plea) is, in the view of undersigned Counsel, inappropriate to this stage of the proceedings.

### 2.    Requirement that the Defendant Admit All Elements of the Offense

In *United States v. Mastrapa*, 509 F.3d 652 (4th Cir., 2007) this Court held that prior to accepting a guilty plea, the District Court must be satisfied that a factual basis for such a plea exist and is admitted by the defendant.  Under *Mastrapa*, failure to admit to the factual basis supporting the charge requires a reversal of a guilty plea and a remand for a new Rule 11 colloquy.  *Id.* at 655.

In this case, as in *Mastrapa*, Mr. Stewart initially denied that the Government would be able to prove all of the elements of the offense.  *See* JA60.  However, this initial denial stemmed from confusion about certain terms that were being used during the plea colloquy.  JA61-62.  Once the confusion was cleared up, unlike the defendant in *Mastrapa* who persisted in protesting Government's characterization of his activities, 509 F.3d at 658-59, Mr. Stewart admitted the factual basis for his plea. JA61-62.  The District Court ensured that Mr. Stewart's admission was knowing, voluntary, and based on his complete understanding of the facts alleged. JA61-62; JA65.  For this reason, the undersigned counsel has concluded that a *Mastrapa* claim would not be meritorious.

### 3.    "Career Offender" Designation

Parties agree that but for Mr. Stewart's designation as a "career offender," his Criminal History would be category V, rather than VI.  *See* JA90-91.  With the lower criminal history category, the recommended guidelines sentence would also be

lower—140 to 175 months for Category V, versus 151 to 188 months for Category VI. *See* JA52; JA91-92. Thus, the difference is material. However, for three separate reasons, the undersigned Counsel does not believe that there are meritorious grounds for appeal on this basis.

First, Mr. Stewart did not object to his designation as a "career offender," JA75 ("Mr. Stewart cannot argue that his two prior state drug convictions do not count as CSOs under the current Guidelines regime"); JA90 ("there is no current objection to the calculation of the sentencing guidelines"), and merely pointed out that on the basis of *future* legal developments (which may or may not be retroactive), people in his situation may not qualify as "career offenders." *See* JA75-76. Because Mr. Stewart did not object to the calculation of his guidelines range, and indeed affirmatively agreed that it was calculated correctly, the objection is waived for appellate purposes. *See United States v. Grubb*, 11 F.3d 426, 440 (4th Cir. 1993) (opinion by Widener, J.); *United States v. Edwards*, 666 F. App'x 253, 256 (4th Cir. 2016) (non-precedential).

Second, Mr. Stewart "knowingly and expressly waive[d]" his right to challenge on appeal "whatever sentence [wa]s imposed … for any reason (including the establishment of the advisory sentencing guidelines range [or] the determination of [his] criminal history…." JA176. Thus, any appeal on the issue of his designation as a "career offender" would run head-long into this waiver—a waiver that he reaffirmed in open court. JA52-53.

14

Third, while it is true that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error," *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016), an erroneous guidelines calculation is still subject to a harmless error analysis, *id.* at 203.

In this case, the District Court imposed a sentence *significantly below* either of the guideline ranges, and even below that requested by Mr. Stewart himself.  Indeed, the District Court's sentence was nearly *four years* lower that the lowest recommended sentence for Criminal Category V.  Thus, even assuming, *arguendo*, that the District Court erred in finding Mr. Stewart to be a "career offender," and though in many cases such an "error … can … be sufficient to show a reasonable probability of a different outcome absent the error," such a showing is unlikely to be made here.

### 4.    Reasonableness of the Sentence Imposed

Mr. Stewart waived his right to appeal the sentence imposed by the District Court, JA53, including the District Court's guideline calculations, JA176.  As described above, Mr. Stewart did not object to the guideline calculation except to note that "there are two potential changes on the horizon that may seismically shift the way this Court must consider what convictions" can serve as predicate offense

to the "career offender" designation. JA75. *See also* JA90-91. Nevertheless, even absent objections, in imposing sentence, the District Court must still abide by the governing Supreme Court standards.

This Court reviews the sentence imposed by the district court for reasonableness. *United States v. Booker,* 543 U.S. 220 (2005). In reviewing the sentence imposed, this Court must

> first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007). Then, "[i]f, and only if, [this Court] find[s] the sentence procedurally reasonable can [it] consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (quoting *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)). *See also Gall*, 552 U.S. at 51 ("Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.").

"[T]he district court must begin its sentencing proceeding 'by correctly calculating the applicable Guidelines range .... [T]he Guidelines should be the starting

point and the initial benchmark." *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall*, 552 U.S. at 49). The District Court must then consider the advisory guidelines range in conjunction with the factors outlined in 18 U.S.C. § 3553(a) and other appropriate grounds for a departure of variance. *United States v. Hernandez*, 603 F.3d 267, 270 (4th Cir. 2010).

The District Court recognized that this is the correct procedure. JA91-92; JA109-116. Both the Government and Mr. Stewart agreed that the District Court calculated the guideline range correctly. JA90-91. The only potential dispute as to the final calculation was whether Mr. Stewart should have been designated a "career offender"—an issue addressed above. *See* Part VI.B.3, *ante*.

The District Court also considered the relevant factors in imposing the sentence. JA109-116. The Court also explained what mitigating and aggravating factors it took into account, as well as why it chose to depart from the recommended guidelines range. *Id*. Thus, in a considered view of the undersigned Counsel, the argument that the sentence is procedurally flawed would not be meritorious.

Next, in determining the substantive reasonableness of the sentence, this Court takes the view that "[a] within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). *See also Rita v. United States*, 551 U.S. 338, 347 (2007) (permitting, though not requiring, appellate

17

courts to "apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines.").

In this case, Appellant's sentence of 96 months was *well below* the recommended guidelines range as calculated. *See* JA52; JA91-92; U.S.S.G. ch. 5, Pt. A (Sentencing Table). Thus, the sentence imposed is presumptively reasonable (at least from Appellant's perspective), *White*, 850 F.3d at 674; *Rita*, 551 U.S. at 347, and the undersigned Counsel has not been able to identify any facts to overcome this presumption.

Finally, the district court must adequately explain its sentence to allow the appellate courts to engage in a meaningful review. *See United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) ("[A] court must demonstrate that it 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'") (quoting *Rita*, 551 U.S. at 356).

The District Court's explanation of the sentence imposed was adequate, and indeed quite detailed. JA109-116. The District Court specifically explained why it chose to sentence Mr. Stewart to 96 months of imprisonment. *Id.*

The District Court's statement of reasons is sufficient to permit this Court to engage in meaningful review of the sentence below, shows that the court below did not consider an improper basis when imposing a sentence, and satisfies the requirement that a sentencing court not expressly reject a policy articulated by

Congress or the Sentencing Commission. *See United States v. Moreland,* 437 F.3d 424, 434 (4th Cir. 2006). Accordingly, it does not appear that the District Court abused its discretion in imposing a 108-month term of imprisonment, and consequently, the undersigned counsel believes that an appeal on this issue would not be meritorious.

### 5. Pronouncing All Conditions of Supervision in Open Court

In a series of cases beginning in 2020, this Court required sentencing judges, when imposing non-mandatory conditions of supervised release, to pronounce those conditions in open court. *See United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). Failure to do so requires a *vacatur* of the sentence and a remand for a proper sentencing procedure where the defendant is given an opportunity to object to a particular condition of supervision at the time that such a condition is imposed. *Id.* at 298 ("If a condition is discretionary, the court must pronounce it to allow for an objection.") (quoting *United States v. Diggles*, 957 F.3d 551, 558 (5th Cir. 2020)); *United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021) (holding that the appropriate "remedy for [a Rogers] error is not … simply to strike the [extraneous] conditions from the written judgment. Rather … it is to vacate the sentence and remand for the district court to resentence.").

19

Under this Court's precedent, a sentencing court may, in lieu of reading the conditions of supervised release verbatim, incorporate them by reference. *See, e.g.*, *United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021).

The undersigned Counsel carefully reviewed the sentencing transcript to ensure that the District Court complied with the requirements of *Rogers* and its progeny. The transcript reveals that the trial judge specifically referenced the mandatory conditions of supervised release, JA119, District of Maryland standard conditions for supervised release, *id.*, and went over each of the additional conditions of supervised release one-by-one, *see* JA119-120. No conditions other than those announced in open court and/or incorporated by reference were listed in a formal judgment. *Compare* JA119-120, *with* JA129. Therefore, it does not appear that the District Court committed a *Rogers* error, and the undersigned Counsel has concluded that this issue is not meritorious.

## CONCLUSION

For the foregoing reasons, Appellant, Robert Stewart, respectfully requests that this Court examine the record in its entirety and grant relief to him as appears warranted.

Respectfully submitted, August 8, 2025.


/s/ Gregory Dolin
Gregory Dolin
University of Baltimore School of Law
1420 N. Charles Street
Baltimore, MD  21201 (410)
837-4610
gdolin@ubalt.eu

*Counsel for  Appellant*

## POSITION REGARDING ORAL ARGUMENT

Counsel for the Appellant does not request that the Court consider granting an oral argument in this matter.

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.     This brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

      this brief contains <u>4,071</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)6) because:

      this brief has been prepared in a mono space typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.


        <u>/s/  Gregory Dolin</u>
        Gregory Dolin
        Counsel for Appellant Robert Stewart